# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In the Matter of and Among,<br><br>UNITED HEALTHCARE INSURANCE COMPANY<br><br>and<br><br>ENVISION HEALTHCARE CORPORATION AND SHERIDAN HEALTHCORP, INC. | **Case No. 23-cv-60623**<br>**Case No. 23-mc-21246** (original case number administratively closed on 3/31/2023) |

### ENVISION'S AMENDED MOTION FOR ENTRY OF ORDER SEALING MOTION TO CONFIRM ARBITRATION AWARD AND EXHIBITS A THROUGH E

Envision Healthcare Corporation and Sheridan Healthcorp, Inc. (collectively, "Envision"), by and through their undersigned counsel, pursuant to Local Rule 5.4, respectfully request that the Court enter an Order sealing Envision's Motion to Confirm the Arbitration Award and all Exhibits (Docket Entry No. 1), and state as follows:

1.  Envision and United Healthcare Insurance Company ("United") were parties to a Medical Group Participation Agreement (the "Agreement"), effective May 1, 2009, which is attached to Envision's Motion to Confirm the Arbitration Award as Exhibit A.

2.  On March 12, 2018, Envision filed suit against United: *Envision Healthcare Corporation et al v. United Healthcare Insurance Company*, Docket No. 0:18-cv-60530 (S.D. Fla. Mar 12, 2018).

3.  On April 6, 2018, United filed a Motion to Compel Arbitration pursuant to the Agreement. United's Motion to Compel Arbitration was granted. Envision and United each filed Demands for Arbitration to resolve disputes regarding the Agreement.

4.  The AAA Panel conducted a hearing in the fall of 2022 within this Court's jurisdiction in Miami, Florida.

5.  In January and March 2023, the Panel entered two Interim Awards ("Interim Arbitration Awards") which are attached as Exhibits D and E to Envision's Motion to Confirm the Arbitration Award, respectively.

6.  On March 31, 2023, Envision filed its Motion to Confirm the Arbitration Award.[1]

7.  On April 5, 2023, in light of on-going motion practice due to United's claim that the entire contents of the Interim Arbitration Awards were entirely confidential, the AAA Panel issued an Order 1) finding that the Interim Awards "may" be subject to confidentiality and 2) that the April 5, 2023 Order is subject to further review of the parties' legal positions. The April 5, 2023 Order also stated that the Panel "anticipated" that Envision would file a Motion to Seal in the Federal District Court for the Southern District of Florida.

8.  On April 7, 2023, Envision filed an Unopposed Motion for Entry of Order Sealing Motion to Confirm the Arbitration Award and Exhibits A through E (Dkt. No. 6). In that motion, Envision referenced the AAA Panel's April 5, 2023 Order.

9.  On April 14, 2023, after hearing argument from the parties on the issue of confidentiality, the AAA Panel Ordered that the Interim Award on Liability and the Interim Award on Damages are confidential, **except** as to pages 1 and 44-45 of the Interim Award on Liability, and pages 1 and 8-9 of the Interim Award on Damages. The Panel's April 14 Order further directed Envision to redact all material on page 7 above the header "Interim Award on Damages."

---

[1] Envision's Motion was originally filed in the Miami Vicinage of the Southern District of Florida, and assigned case number 23-mc-21246. That case was subsequently transferred on the Court's own initiative to the Fort Lauderdale Vicinage and assigned docket number 23-cv-60623. Accordingly, Envision requests that all relief ordered in this case apply equally and fully to the filings in case number 23-mc-21246 and 23-cv-60623.

10. On April 14, 2023, Envision provided copies of the Interim Award on Liability and Interim Award on Damages with redactions consistent with the Panel's Order to the Panel and United. A copy of the redacted Interim Award on Liability and Interim Award on Damages are attached hereto as Exhibits A and Exhibit B, respectively.

11. Envision files this Amended Motion in order to provide the Court with updated information regarding the AAA Panel's view of the confidentiality of the Interim Awards, and respectfully requests that the Motion to Confirm the Arbitration Award and its Exhibits be sealed in accordance with the AAA Panel's April 14, 2023 Order.

12. In evaluating motions to seal, the district court must balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d, 1304, 1314-15 (11th Cir. 2001); *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2005). In balancing these interests, the Eleventh Circuit has instructed that Courts consider, *inter alia*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*See Romero*, 480 F. 3d at 1246.

13. Upon conducting this balancing test, Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreement often outweigh the public right of access. *See Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948, *1 (M.D. Fla. 2016) (granting motion to seal documents containing confidential information about the parties' business plans, pricing information and client contacts). Indeed, the Eleventh Circuit

has even recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *See Romero*, 480 F.3d at 1246.

14.     In addition to the Panel's April 14, 2023 Order concerning the Interim Awards on Liability and Damages, here, ample good cause exists to keep the parties' confidential and proprietary business information and specific reimbursement amounts confidential (*i.e.*, references to specific reimbursement amounts provided for under the Agreement). In particular, Envision has an interest in keeping its proprietary agreements with United private from its competitors and other insurance companies. *See NXP B.V. v. Research in Motion, Ltd.,* 2013 WL 4402833, *2 (M.D. Fla. Aug. 15, 2013) (granting motion by the parties to seal documents because allowing public access could violate a party's legitimate private interests). The likelihood of injury to both parties, if such information is made public, would be significant. In fact, in recognition of such harm, the Agreement contains a confidentiality clause requiring the parties to treat such information as confidential. *See Trailer Bridge, Inc. v. PCS Nitrogen, Inc.*, 2009 WL 2231704, *1 (M.D. Fla. 2009) (sealing exhibits to a complaint because they contained clauses requiring them and all terms and conditions contained in them to be treated as confidential and exempt from publication to third parties). Further, there are no other means available to Envision except to file the Motion to Confirm and accompanying Exhibits under seal.

WHEREFORE, Envision Healthcare Corporation and Sheridan Healthcorp, Inc., respectfully request entry of an Order sealing the Motion to Confirm the Arbitration Award, all the accompanying Exhibits A through E consistent with the Panel's April 14, 2023 Order, and any additional relief as is just, equitable and proper.[2] As discussed above, Envision requests that any

---

[2] If the Court is not inclined to grant this Motion, Envision requests that the parties have an opportunity for an immediate, brief telephonic hearing before the Court.

relief ordered in this case apply equally to the filings in case number 23-mc-21246 and 23-cv-60623, to ensure appropriate sealing. Envision reserves the right to seek to have these documents unsealed at a later date.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Envision has conferred with United's counsel in good faith to discuss the issues raised in this Motion prior to filing. However, United's counsel did not agree to the relief sought in this Amended Motion to Seal.

Respectfully submitted this 3rd day of May, 2023.

By: /s/ Robert Hearn
Robert R. Hearn, Esq.
**EPSTEIN BECKER & GREEN, P.C.**
One Beach Drive
SE, Suite 303
St. Petersburg, Florida 33701
Email: rhearn@ebglaw.com
T: (727) 346-3767
F: (888) 509-0788

Anthony Argiropoulos, Esq. (admitted *pro hac vice*)
Thomas Kane, Esq. (admitted *pro hac vice*)
Scheherazade A. Wasty, Esq. (admitted *pro hac vice*)
**EPSTEIN BECKER & GREEN, P.C.**
150 College Road West, Suite 301
Princeton, New Jersey 08540
Email: aargiropoulos@ebgalw.com
Email: tkane@ebglaw.com
Email: swasty@ebglaw.com
T: (609) 455-1540
F: (609) 228-5318

*Attorneys for Envision Healthcare Corporation and Sheridan Healthcorp, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Southern District of Florida and served via email communication on the following:

REED SMITH LLP
Dan J. Hofmeister
Molly E. Nehring
10 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
dhofmeister@reedsmith.com
mnehring@reedsmith.com

Mildred Segura
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
msegura@reedsmith.com

Edward Mullins
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, FL 33131
emullins@reedsmith.com

        By: */s/ Robert Hearn*
            Robert R. Hearn, Esq.