# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

| | |
|---|---|
| **IN THE MATTER OF AND AMONG,** | **Case Numbers: 01-18-0003-7424** |
| | **01-18-0001-5134** |
| **UNITEDHEALTHCARE INSURANCE COMPANY,** | **01-18-0001-6915** |
| **-and-** | **Consolidated for All Purposes** |
| **ENVISION HEALTHCARE CORPORATION, and SHERIDAN HEALTHCORP, INC.** | |

**INTERIM AWARD ON DAMAGES**

<u>BACKGROUND AND RELEVANT PROCEDURAL HISTORY</u>

The Tribunal, having been appointed by the American Arbitration Association ("AAA") in accordance with an arbitration provision contained in Article VIII of the May 1, 2009 Medical Group Participation Agreement (the "Agreement") between United Healthcare Insurance Company ("UHC" or "United") on the one hand and Envision Healthcare Corporation and Sheridan Healthcorp, Inc. (collectively, "Envision" or "Sheridan"), on the other, and having been duly sworn, conducted an evidentiary hearing over the course of eleven (11) days on September 19, 20, 21, 22, 26, 27, 28, and 30, and October 3, 4 and 5, 2022. Following that hearing and subsequent argument, the Tribunal issued an Interim Award on Liability on January 20, 2023, to resolve disputes between UHC and Envision in this arbitration













## <u>INTERIM AWARD ON DAMAGES</u>

Upon its careful consideration of the entire evidentiary record, the Tribunal

FINDS, DETERMINES and AWARDS as follows:

1. Envision Healthcare Corporation and Sheridan Healthcorp, Inc. are awarded

   the sum of $91,270,257.00 against United Healthcare Insurance Company.

2. Except as set forth below and in the Interim Award on Liability, this Interim

   Award on Damages represents the complete and final resolution of all damage

   claims and counterclaims in this matter.  All other claims, counterclaims and

defenses not expressly granted herein are denied.

3. No later than April 18, 2023, and in accordance with Article VIII of the Medical Group Participation Agreement dated May 1, 2009, as amended, the prevailing party may file an Application for all costs of the arbitration, including filing and administrative fees of the AAA and the costs of the arbitrators, and the prevailing parties' own costs, fees, and expenses, including reasonable attorney fees, costs and expenses at arbitration. In such application, a party must establish why it is a "Prevailing Party" within the meaning of the Agreement. As specified in Article VIII, the Arbitrators shall award applicable pre-judgement interest. A prevailing party must establish such amount through June 1, 2023, with a *per diem rate* thereafter.

4. No later than May 9, 2023, a party may oppose an application for costs, fees, and expenses. The party may also challenge an opposing party's argument that it is a prevailing party within the meaning of the Agreement, as well as the amount of any claimed interest. If a party challenges the amount of claimed costs, fees, or expenses, on the basis that such amounts are unreasonable, it must give the Tribunal documentation establishing its own costs, fees, or expenses. In accordance with Rule 39 of the Commercial Rules of the American Arbitration Association, and subject to paragraph 6 below,

the hearing shall thereafter be declared closed and a Final Award will be issued in accordance with Rule R-47.

5.  The Tribunal reserves the right to re-open the hearing pursuant to Rule 40, and adjust all dates in this Interim Award accordingly.

6.  We make this Interim Award on Damages based upon the evidence, the law, the arguments of the parties, and our assessment of the credibility of the witnesses. We do hereby affirm upon our oaths as Arbitrators that we are the individuals described in and who executed this instrument which is our Interim Award on Damages.

SO ORDERED ON the 30th day of March, 2023

By:

<u>Michael Jordan /s/</u>

Michael Jordan, Arbitrator

Maureen Beyers, Arbitrator

Joseph Matthews, Arbitrator

9