**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE**

*In Re*
UNITEDHEALTHCARE INSURANCE COMPANY

*In Re*
ENVISION HEALTHCARE CORPORATION          CASE NO.: 0:23-cv-60623-AHS

*In Re*
SHERIDAN HEALTHCORP, INC.

_____

**UNITED HEALTHCARE INSURANCE COMPANY'S OMNIBUS MOTION TO
DISMISS PREMATURE ATTEMPT AT CONFIRMATION OF CONFIDENTIAL
INTERIM ARBITRATION AWARDS FOR LACK OF SUBJECT MATTER
JURISDICTION AND TO STAY BRIEFING ON CONFIRMATION PENDING
DETERMINATION OF SAME[1]**

UnitedHealthcare Insurance Company ("United"), pursuant to Federal Rule of Civil

Procedure 12(b)(1) and all other applicable rules, moves to dismiss Claimants Envision Healthcare

Corporation and Sheridan Healthcorp, Inc.'s (collectively, "Envision") Motion to Confirm

Arbitration Award and Enter Judgment for lack of subject matter jurisdiction and to stay the

briefing on any such confirmation until this Motion to Dismiss is ruled upon.

**MEMORANDUM OF LAW**

Envision has a filed a premature motion in this Court to confirm two non-final,

confidential, self-titled *interim* arbitral awards.  The law in this Circuit is clear that piecemeal

confirmations of non-final arbitration awards is improper.  Indeed, this Court lacks subject matter

jurisdiction to entertain premature confirmations of non-final awards.  *Schatt v. Aventura

Limousine & Transp. Serv.*, 603 F. App'x 881 (11th Cir. 2015); *Lowell at Camelot, Inc. v. New*

_____

[1] United is seeking leave to file this motion under seal.

*Home Warranty Ins. Co.,* No. 18-cv-21155-GAYLES, 2018 U.S. Dist. LEXIS 202457, at *3-4 (S.D. Fla. Nov. 28, 2018).

 The lack of finality is evident on the face of the interim awards, which are exhibits to Envision's Motion to Confirm.[2] ████████████ the AAA Arbitration Panel left open the proceedings and record pursuant to former Rule 40/new Rule 41 (collectively, "Rule 41") of the Commercial Rules of the American Arbitration Association ("AAA"). That reservation has significance because it means the Panel has left open the possibility of more evidence and hearings.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████

 Simply put, the Panel has more work to do in resolving the Parties' claims. The interim awards require that the parties establish and present evidence on the proper prejudgment interest methodology and amount to be allowed, as many of the factors for establishing prejudgment interest (rate, date of application, etc.) have not been determined by the Panel. In addition, there is briefing to be completed as to the issue of attorneys' fees, including which party is the "prevailing party" in light of all the Panel's findings to date.

 Because the jurisdiction of this Court to even examine Envision's Motion to Confirm the confidential interim awards is at issue here, United requests that the confirmation proceedings be

---

[2] *See* Envision's Motion to Confirm at ECF No. 1, which is also the subject of a Motion to Seal (ECF No. 6).

stayed pending the determination of this Motion to Dismiss.  Whether this Court has subject matter jurisdiction to confirm the interim awards is a threshold issue that should be determined before any review of confirmation.

**I.     FACTUAL ALLEGATIONS**

United and Envision were parties to a Medical Group Participation Agreement, effective May 1, 2009. *See* ECF No.1 ¶ 7; ECF No. 1 at Exhibit A. On April 6, 2018, United filed a Motion to Compel Arbitration pursuant to the Agreement. *See id*. ¶ 9. That Motion was granted on April 27, 2018. *See Envision Healthcare Corp. v. United Healthcare Ins. Co.*, No. 18-cv-60530-UU, 311 F. Supp. 3d 1322 (S.D. Fla. Apr. 27, 2018). The parties thereafter proceeded to arbitration. *See* ECF No.1  ¶ 11. The arbitration was to decide the issues of liability, damages, prevailing party costs and fees, and prejudgment interest.  *See id*. at Exhibit A, pp. 14-15 (Art. VIII).

The Panel bifurcated the issues of liability and damages in its first interim award and ultimately issued two interim awards. *See id*. ¶¶ 14, 18. The Panel issued an interim award on liability on January 20, 2023. *See id*. ¶ 14; *see also id*. at Exhibit D, p. 44. █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

    ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████

On March 30, 2023, the Panel issued an interim award on damages. *See id*. ¶ 18, Exhibit E. While addressing the damages to be awarded, the Panel instituted a briefing schedule on the proper methodology and amount of prejudgment interest, as well as on the issue of which party was the "prevailing party" for purposes of attorney's fees. *See id*. at Exhibit E, pp. 8-9. Just as it did with respect to the first interim award, the Panel left the record open and made clear that only after the requested briefing and possible further hearing are concluded would the arbitration be declared closed and a Final Award issued. *See id*. at Exhibit E, pp. 8-9. The Panel also once again reserved the right to re-open the hearing pursuant to Rule 41 and the above noted briefing is ongoing. *See id*. at Exhibit E, p. 9.

Accordingly, the Panel has not yet issued a Final Award subject to confirmation because, *inter alia*, the Panel: (1) has not closed the record, but rather has reserved the right to reopen the record pursuant to Rule 41; and (2) has ordered that the parties establish the applicable prejudgment interest methodology and amount in this matter (including establishing the rate and calculation of same), as well as briefing on prevailing party and attorneys' fees.

## II.      LEGAL STANDARD FOR SUBJECT MATTER JURISDICTION DISMISSAL

As Judge Gayles succinctly enunciated in the matter of *Lowell at Camelot, Inc. v. New Home Warranty Ins. Co.*:

> "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id*. at 1251. "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . . are considered.'" *McElmurray*, 501 F.3d at 1251

(quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

No. 18-cv-21155-GAYLES, 2018 U.S. Dist. LEXIS 202457, at *3-4 (S.D. Fla. Nov. 28, 2018).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

## III.      ARGUMENT

### A.      <u>The Interim Awards are Non-final and Cannot Be Confirmed.</u>

"[T]he [Federal Arbitration Act] allows review of final arbitral awards only, but not of interim or partial rulings." *Schatt v. Aventura Limousine & Transp. Serv., Inc.*, 603 F. App'x. 881, 887-88 (11th Cir. 2015) (citing *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995) ("By its own terms, § 10 [of the FAA] authorizes court action only after a final award is made by the arbitrator."); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (FAA § 10 "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them")). Indeed, following *Schatt*, courts lack subject matter jurisdiction to confirm or vacate non-final awards. *Lowell*, 2018 U.S. Dist. LEXIS 202457, at * 7 (dismissing petition for entry of judgment confirming arbitration award for lack of subject matter jurisdiction because it was non-final).

The interim awards Envision seeks now to confirm are non-final and this Court lacks subject matter jurisdiction to confirm the interim awards, such that Envision's Motion to Confirm should be dismissed, exactly as in *Lowell*.

1.   **The Panel left the record open and reserved the right to further reopen it in both Interim Awards.**

████████████████████████████████████████████████████████

███████████████████████████████████████ According to AAA rules, this is not possible if the

interim awards are final.  Rule 41 states:

> **The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before *the award* is made.** If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties, the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (or 14 calendar days if the case is governed by the Expedited Procedures).

Am. Arb. Ass'n, Commercial Arb. Rules, R-41 (2013 rules, R-40) (emphasis added). The phrase

"the award" means a "final award" rather than an interim award. *Mullins v. Buter Am.*, No. 19-cv-

22616-MARTINEZ-OTAZO-REYES, 2020 U.S. Dist. LEXIS 153528, at *13 (S.D. Fla. Apr. 1,

2020).

The Panel would be unable to order additional briefing, testimony, and argument once the

interim awards were indeed final because, pursuant to the AAA Comm. Rule 41, the record cannot

be opened or reopened once a final award is made.████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

███████████████████. *See Schatt*, 603 F. App'x. at 887 (citing *Michaels*, 624 F.2d at 414 ("holding that § 10 'has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them.'")); *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) (quoting *Local 36, Sheet Metal Workers Int'l Assoc. v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir. 1992) ("Whether the award indicates that [it] is final and **whether the arbitrator intended the award to be final** are factors in determining if an arbitration award is final.")) (emphasis added); *Anderson v. Norfolk & W.R. Co.*, 773 F.2d 880, 883 (7th Cir. 1985) (award not final because arbitrator did not intend it to be final); *Berkowitz v. Republic of Costa Rica*, 288 F. Supp. 3d 166, 174 (D.D.C. 2018) ("[i]mportantly, the Tribunal's subjective beliefs about the finality of its award is a key factor in determining whether the award was, in fact, final.") (citation omitted).

Here, the Panel on the face of interim awards did not believe the proceedings were closed or that a final award has been issued. As noted above, the Panel has made clear that after the briefing on prevailing parties, attorney's fees, and prejudgment interest (for example, when interest accrues and what rate applies), ***then*** and only then will the hearing be declared closed and a Final Award be issued. *See id*. at Exhibit E, pp. 8-9.  Just as in *Schatt*, the Panel did not consider the interim awards to be final. Instead, "the Interim Award[s] clearly established that the arbitrator's work was not complete." *See Schatt*, 603 F. App'x. at 887.

## 2. *The calculation of prejudgment interest remains outstanding and is not a ministerial task.*

It is undisputed that the issue of prejudgment interest and its methodology and amount remains outstanding. The accrual date and rate, among other things, to be applied and factored in have not been established.  This fact necessarily means the interim awards are non-final, dooming

Envision's Motion to Confirm.

In 2015, the Eleventh Circuit confirmed that arbitration awards are non-final when damages have not been fully calculated and significant work remains. *Schatt*, 603 Fed. Appx. at 888; *Lowell*, 2018 U.S. Dist. LEXIS 202457, at * 5. Two years later, the Northern District of Alabama analyzed a case similar to *Schatt*, leading it to analogize the rationale in *Schatt* to the final judgment rule, and to hold that it "sees no reason that principle [of the final judgment rule] should not apply to arbitration awards." *Wholesalecars.com v. Hutcherson*, No. 2:16-cv-00155-KOB, 2017 U.S. Dist. LEXIS 30241, at *7 (N.D. Ala. Mar. 3, 2017). The Ninth Circuit agrees with the *Wholesalecars.com* rationale, stating "[b]y analogy to the 'final judgment' rule of section 1291, an arbitration award that postpones the determination of a remedy should not constitute a 'final and binding award.'" *See Millmen's Local 550, United Brotherhood of Carpenters & Joiners v. Well's Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987). This is because "interlocutory review of non-final arbitration awards would defeat the purpose of 28 U.S.C. § 1291 (1982) to avoid piecemeal litigation of a claim." *Id*. at 1375.

The Eleventh Circuit has interpreted the final judgment rule to hold that where "the judgment amount, **the prejudgment interest rate, or the date from which prejudgment interest accrues** is unclear, the calculation of prejudgment interest is no longer a ministerial act and the court's order is not final." *U.S.S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) (emphasis added).

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████ Therefore, pursuant to the rationale of the final judgment rule, which effectively applies to arbitration awards, the interim awards are non-final such that Envision's Motion to Confirm must be dismissed for lack of subject matter jurisdiction. *See Lowell*, 2018 U.S. Dist. LEXIS 202457, at * 7.

**B.    Confirmation Should Be Stayed Pending Determination of Subject Matter Jurisdiction.**

Because subject matter jurisdiction is a threshold question, courts often will stay proceedings pending a motion to dismiss for lack of subject matter jurisdiction pursuant to broad discretion to control their docket. *B&G Equip. Co. v. Airofog United States*, No. 8:19-cv-403-T-36AEP, 2021 U.S. Dist. LEXIS 193408 (M.D. Fla. Jan. 27, 2021) (grating motion to stay pending subject matter jurisdiction motion). Here, there is a compelling reason to do so – because the Panel has not completed its work nor issued a Final Award, there is a risk that the Court proceeding on confirmation until determining the finality of the interim awards will encroach on the Panel's exclusive jurisdiction to resolve the parties' disputes.

"'In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest.'" *Latele Prods. v. Azteca Int'l Corp.*, No. 16-CV-25347-MORE, 2018 U.S. Dist. LEXIS 244413, at *2 (S.D. Fla. Dec. 18, 2018) (quoting *Guirola—Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987)). "'Because determining a probable likelihood of success on the merits is "often difficult in the early

stages of litigation," the Court may grant the motion to stay based on the weight of the other factors, if these other factors 'weigh heavily' in favor of granting the stay.'" *Id*. at *3-4 (quoting (*Guirola-Beeche*, 662 F. Supp. at 1418). Here, United will be harmed and the public interest will not be served if this Court allows confirmation proceedings, briefing and analysis, but then later determines that the interim awards were not indeed final. On the other hand, Envision will not be harmed because it has filed its Motion for Confirm and it is pending.[3] United's reasonable request for a stay should be granted and the Court's jurisdiction addressed first and foremost.

### IV.    CONCLUSION

For the foregoing reasons, United respectfully requests that this Court enter an order staying briefing on confirmation until this Motion to Dismiss is ruled upon and, ultimately, dismissing Envision's Motion to Confirm Arbitration Award and Enter Judgment with prejudice.

---

[3] To the extent that, contrary to the arguments herein, this Court determines that the confidential interim awards are final and subject to confirmation, United, in an abundance of caution, moves for an enlargement of time to respond to the Motion to Confirm substantively and/or cross move to vacate or modify the interim awards, if necessary. United cannot file such motions now because the awards are not final for the reasons stated herein and thus United makes this request solely in an abundance of caution and in the alternative.  Notably, United's counsel accepted service on April 14, 2023, and thus this Motion was served and will be filed before the deadline to respond to a pleading or motion.  Further, Envision suffers no prejudice here, because even if it is correct and the interim awards are somehow final, in its Motion to Confirm Envision has taken the position that the Interim Awards only became "final" on March 30, 2023, when the Panel issued its most recent interim award.  ECF No. 1 at p. 2, n.1, ¶ 19. (defining "Award" to be confirmed as both interim awards).  Thus, even if Envision were correct on that allegation, which it is not, United would have three (3) months from March 30, 2023 to seek to challenge the Motion to Confirm or vacatur (although, again, its position is that the interim awards are not now subject to confirmation or vacatur).  9 U.S.C. §§ 10-11.  All that Envision has accomplished with its premature Motion to Confirm is to improperly attempt to accelerate a confirmation process.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), United's counsel reached out to Envision's lead counsel in good faith to attempt to discuss the issues raised in this motion prior to filing, however, Envision's counsel was unable to give a response. United will update this Court once it confirms Envision's position.

/s/ Edward M. Mullins
Edward M. Mullins, Esq.

Dated: May 4, 2023

Respectfully submitted,

**REED SMITH LLP**

/s/ Edward M. Mullins
Edward M. Mullins, Esq.
emullins@reedsmith.com
Florida Bar No. 863920
Reed Smith LLP
200 South Biscayne Blvd.
Ste. 2600
Southeast Financial Center
Miami, FL 33131
Telephone: (786) 747-0203
Facsimile: (786) 747-0299

Of Counsel:

Daniel J. Hofmeister, Jr., Esq.
*Pro Hac Vice*
Molly E. Nehring, Esq.
*Pro Hac Vice* notice to be filed
dhofmeister@reedsmith.com
mnehring@reedsmith.com
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

Mildred Segura
msegura@reedsmith.com
*Pro Hac Vice* notice to be filed

Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA, 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

*Attorneys for UnitedHealthcare Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, I served all counsel of record with an unredacted copy of this Motion to Dismiss via electronic mail and overnight mail.  I further certify that on May 4, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Edward M. Mullins*
Edward M. Mullins, Esq.